Yan Rong Liu v. Barr

BIA
Loprest, IJ
A075 605 166

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand twenty.

PRESENT:
>    JOSÉ A. CABRANES,
>    ROSEMARY S. POOLER,
>    DENNY CHIN,
>        *Circuit Judges.*

_____

YAN RONG LIU,
>        *Petitioner,*

>    v.                                              17-1829
>                                                    NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Claire L. Workman, Senior
                         Litigation Counsel; John B. Holt,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Rong Liu, a native and citizen of the People's Republic of China, seeks review of a May 18, 2017, decision of the BIA affirming a March 22, 2016, decision of an Immigration Judge ("IJ") denying Liu's motion to reopen her removal proceedings. *In re Yan Rong Liu,* No. A 075 605 166 (B.I.A. May 18, 2017), *aff'g* No. A 075 605 166 (Immig. Ct. N.Y. City Mar. 22, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of Liu's motion to reopen for abuse of discretion, and review the agency's factual findings regarding country conditions under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).

It is undisputed that Liu's 2015 motion to reopen was untimely because her removal order became final in 2001. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)(setting 90-day filing period for motions to reopen); 8 C.F.R.

2

§ 1003.23(b)(1)(same). Although this time limitation does not apply if the motion to reopen is "based on changed country conditions" since the time of the original hearing, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i), as discussed below, the agency's conclusion that Liu failed to establish such a change is supported by substantial evidence, *see Jian Hui Shao*, 546 F.3d at 169.

The agency reasonably concluded that Liu did not establish a material change in country conditions because her evidence revealed that the Chinese government has continuously repressed Christians, especially members of unregistered churches, since before 2001, with varying degrees of restriction. *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing. . . ."). Liu's argument that the evidence "clearly demonstrated" a change in conditions is without merit. The agency cited extensively to Liu's submissions, which demonstrated that conditions for

3

Christians in China were generally poor, and while conditions varied over the years, there was not a marked deterioration. *See id.* at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions of this type.").

Moreover, Liu's evidence was insufficient to establish changed conditions since 2001 because it largely documented country conditions from 2013 to 2015. Even so, the agency properly took administrative notice of State Department reports to conclude that conditions for Christians in China have not worsened. *See Yang v. McElroy*, 277 F.3d 158, 163 n.4. (2d Cir. 2002)(per curiam)("It is well-settled that the [agency] has the authority to take administrative notice of current events bearing on an applicant's well-founded fear of persecution"); *Burger v. Gonzales*, 498 F.3d 131, 135 (2d Cir. 2007) (explaining that due process concerns arise "where administratively noticed facts are the *sole* basis" for the denial of relief).

Given the absence of evidence demonstrating *changed* conditions, the agency did not abuse its discretion in denying Liu's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.23(b)(1), (4)(i). Because

4

the agency's timeliness ruling is dispositive, we do not reach the agency's alternative holding regarding Liu's prima facie eligibility for asylum.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)(per curiam).

For the foregoing reasons, the petition for review is DENIED.  All motions and requests for oral argument are in this petition is DENIED and all stays are VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court